# THE LAW OFFICE OF PATRICK J. MULLIGAN, P.C.

**2911 TURTLE CREEK BLVD., SUITE 900**
**DALLAS, TEXAS 75219**
**TELEPHONE: (214) 219-9779**
**TELECOPIER: (214) 520-8789**
**E-MAIL: office@mulliganlaw.com**
**WEBSITE: www.mulliganlaw.com**

F I L E D

2005 MAY -5  PH 5: 20

JIM HAMLIN
CLERK
DALLAS CO., TEXAS
_____ _____ DEPUTY

**PATRICK J. MULLIGAN†**
**ERIC N. ROBERSON\***
**REID STEWART\***
**JASON H. FOX\***
**Licensed in Georgia, Pennsylvania & Texas†**
**Licensed in Texas\***

May 5, 2005

Clerk of the Court
Dallas County District Court
600 Commerce Street
Dallas, TX 75202

  **Re: Kimberley Reeves, et. al. v. C2P Group, et. al.**

Dear Clerk of the Court:

  Please find enclosed for filing:

  1. The Plaintiff's First Original Petition; and

  2. A check in the amount of $608.00 to include, civil filing fee, jury fee, issuance of citation fee and a service of process fee.

  Please issue citations for all Defendant and have all Defendants served as the Defendants' agents reside in the County of Dallas.

  Thank you for your assistance in this matter.  If you have any questions or concerns, please do not hesitate to contact me.

    Very truly yours,

    THE LAW OFFICE OF PATRICK J. MULLIGAN, P.C.

    *Kirsten Bond*

    Kirsten Bond
    Legal Assistant

/klb
Enclosures

K:\Other Cases\Employment\C2P Group\Correspondence\Clerkltr5-5-05 doc

Reorder No. 5125N
NYC 10013
JULIUS BLUMBERG, INC.
® 10% P.C.W



CAUSE NO.  **05-04501-D**

| | | |
|---|---|---|
| **KIMBERLY REEVES** | § | **IN THE DISTRICT COURT** |
| **ANDREA PAZIO** | § | |
| **MATT ROSCINI** | § | |
| **BRETT SCHNIBLER** | § | |
| **TIM CARR** | § | |
| **RUSSELL ROBERTSON** | § | |
| **MIKE PRICE** | § | |
| **RODNEY HUNTER** | § | |
| **DARIEN GEORGE** | § | |
| **MICHAEL MCKINNEY** | § | |
| **MARTY BRILES** | § | |
| **DUSTY RODRIGUEZ** | § | |
| | § | **OF DALLAS COUNTY, TEXAS** |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | |
| | § | |
| **C2P** | § | |
| **DAN GUTNECKT** | § | |
| **JIM BESS** | § | |
| **JAY LONG** | § | |
| **TERRI MULLOY** | § | |
| **KELLI MULLOY** | § | |
| | § | |
| *Defendants.* | § | **95th JUDICIAL DISTRICT** |

## PLAINTIFFS' FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Plaintiffs Kimberly Reeves, Andrea Pazio, Matt Rossini, Brett Schibler, Tim Carr, Russell Robertson, Mike Price, Marty Briles, Rodney Hunter, Darien George, Dusty Rodriguez and Michael McKinney complaining of C2P, Dan Gutneckt, Jim Bess, Jay Long, Terri Mulloy, and Kelli Mulloy and for cause of action would show the Court as follows:

### I. JURISDICTION

1.   This court has jurisdiction because the Plaintiffs' requests damages in excess of the minimum jurisdictional limit of this court.

2.    This is an employment law case dealing with breach of contract; failure to pay salary for commissions, fraudulent inducement, retaliatory discharge, and intentional infliction of emotional distress.

## II. VENUE

3.    Venue is appropriate in Dallas County, Texas because the events establishing Plaintiffs' causes of action occurred within Dallas County, Texas. *See Tex. Civ. Prac. & Rem. Code 15.002(2).* Additionally, Dallas constitutes proper venue because Defendant C2P Group Services, L.P.. has its principle place of business in Dallas County. *See Tex. Civ. Prac. & Rem. Code 15.002(3).*

## III. PARTIES

**PLAINTIFFS:**

4.    Plaintiffs are all individuals and residents of Dallas County Texas. Plaintiffs were employees of C2P Group Services L.P. working in Dallas County Texas. At all applicable times Plaintiffs were legally employed by C2P Group Services L.P:

   **a.**  Plaintiff Andrea Pazio is an individual and resident of Dallas county, Texas. Plaintiff was an employee of C2P Group Services working in Dallas county, Texas from October 10, 2004 thru April 2, 2004. At all applicable times Ms. Pazio was legally employed at a salary of forty thousand dollars per year ($40,000) plus commissions.

   **b.**  Plaintiff Matt Rossini is a white, male, resident of Dallas County, Texas. Plaintiff was an employee of C2P Group Services working in Dallas county. At all applicable times Mr. Rossini was legally employed at a salary of thirty six thousand dollars per year ($36,000) plus commissions.

c.  Plaintiff Brett Schibler is a white male resident of Dallas county, Texas.  At all applicable times herein Mr. Schibler was legally employed by C2P.

d.  Plaintiff Tim Carr is a male resident of Dallas County, Texas.  At all applicable time herein Mr. Carr was legally employed by C2P group from January of 2004 thru May 24, 2004 at a salary of thirty six thousand dollars ($36,000) plus commissions.

e.  Plaintiff Russell Robertson is an African American male resident of Dallas County, Texas.  At all applicable time herein Mr. Robertson was legally employed by C2P group from August of 2003 thru May of 2004.

f.  Plaintiff, Kimberley Reeves is a white female resident of Dallas county, Texas.  At all applicable times herein Ms. Reeves was legally employed by C2P Group from January 19, 2004 thru April 9, 2004.

g.  Plaintiff, Darien George is a male resident of Tarrant County, Texas.  At all applicable times herein Mr. George was legally employed by C2P Group.

h.  Plaintiff, Rodney Hunter is an African American male resident of Dallas County, Texas.  At all applicable times herein Mr. McKinney was legally employed by C2P Group Services from.

i.  Plaintiff, Michael McKinney is male resident of Dallas County, Texas.  At all applicable times herein Mr. McKinney was legally employed by C2P Group Services.

j.  Plaintiff, Marty Briles is a male resident of Tarrant County, Texas.  At all applicable times herein Mr. Briles was legally employed by C2P Group Services.

    **k.** Plaintiff, Mike Price is a male resident of Dallas County, Texas. At all applicable times herein Mr. Price was legally employed by C2P group.

    **l.** Plaintiff, Dusty Rodriguez is a male resident of Dallas County, Texas. At all applicable times herein Mr. Price was legally employed by C2P group.

## DEFENDANTS:

5.    Defendant C2P Group Services is a Texas corporation with its principle place of business in Dallas, Texas. At all relevant times C2P was in the business of locating and placing medical specialists with hospitals throughout the United States. It may be served with process by pursuant to the Texas Business Corp. Act at article 8.10(A) by delivering petition and citation to its registered agent:

Terry Mulloy
577 Homewood Drive
Coppell, TX 75019.

6.    Defendant, Dan Gutneckt is the duly appointed CEO of C2P Group Services. Defendant Gutknecht is a citizen and resident of the State of Texas. Defendant Gutneckt may be served at his office:

1603 LBJ Freeway, Suite 850
Dallas, Texas 75234.

7.    Defendant, Jim Bess is the duly appointed Officer of C2P Group Services. Defendant Bess may be served at his office:

1603 LBJ Freeway, Suite 850
Dallas, Texas 75234.

8.    Defendant Jay Long is the duly appointed Officer of C2P Group Services. Defendant Long may be served at his office:

1603 LBJ Freeway, Suite 850
Dallas, Texas 75234.

9.     Collectively Defendants Dan Gutknecht, Jim Bess, Jay Long will be referred to as the
       Officer/Director Defendants.

10.    Defendant Terri Mulloy is the co-owner and  agent of C2P Group Services and can be
       served with process at:

                              577 Homewood Drive
                              Coppell, TX 75019.

11.    Defendant Kelli Mulloy is the co-owner of C2P Group Services and can be served with
       process at:

                              577 Homewood Drive
                              Coppell, TX 75019.

## IV. FACTS

12.    Defendant C2P Group Services is in the business of providing placement services for
       hospitals in search of medical specialists in particularized fields.

13.    At all times material hereto, the Officer/Director Defendants were in the business of
       managing and directing the operations of C2P Group Services.  As set forth more
       completely herein, the Officer/Director Defendants owed various duties to the Plaintiffs,
       but breached those duties by committing positive tortious actions against the Plaintiff.
       Those positive tortious acts by the Officer/Director Defendants, were committed in their
       individual and/or corporate capacities.

14.    As used herein, the terms "Defendants" shall generally include each and every Defendant
       named in this complaint.  However, to the extent that Defendants is used in the active
       voice regarding daily conduct of the activities of C2P, it usually refers to C2P as an
       entity acting through the Officer/Director Defendants as well as the Officer/Director
       Defendants individually, but not the Mulloy Defendants.  Unless otherwise noted, the

Mulloy Defendants are liable in their position as owners of C2P under a piercing the Corporate Veil theory detailed in Claim Eleven – Shareholder Liability, and not necessarily as individual tortfeasors. Plaintiffs, however, reserve the right to amend these pleading to assert individual liability on an other than "Piercing the Corporate Veil" theory, specifically including potential theories of ratification, negligent hiring, negligent retention, negligent supervision, and other means.

15.   Defendants fraudulently induced Plaintiffs to work for C2P Group Services by routinely utilizing deceptive practices such as alleging that C2P was the number two recruiting firm in the country, promising that salaries coupled with the commissions would exceed one hundred thousand dollars ($100,000), and asserting that C2P was a positive and energetic work environment. In reality however, Defendants withheld commissions, stole sales from lower level employees, bragged in private that C2P had a 100% turnover rate, and for all intents and purposes turned C2P into a cesspool of drugs, sexual harassment, and outrageously inappropriate conduct, where employees where intimidated, manipulated and eventually discarded like yesterday's newspapers.

16.   Plaintiff Rossini was fraudulently induced to accept employment at C2P group services by repeated assurances that his salary with the addition of commissions would equal or exceed one hundred thousand dollars ($100,000) per year. During Mr. Rossini's employment at C2P he was continually subjected to an intimidating and grossly inappropriate work environment.

   a.   Mr. Rossini was routinely referred to as a "fag" and " little bitch" by his immediate supervisors, Defendants Dan Gutknecht and Jay Long. In addition to the continuous use of improper language, Mr. Rossini was also

forced to endure repeated senseless references to drugs and drug use.

    **b.** On Mr. Rossini's first day on the job Defendant Dan Gutknecht inquired as to whether his girlfriend's "tits were real".

17.    Plaintiff Andrea Pazio was fraudulently induced to accept employment at C2P group services by repeated assurances that her salary with the addition of commissions would equal or exceed one hundred thousand dollars ($100,000) per year. During Ms. Pazio's employment at C2P not only did she never achieve the promised salary she was also forced to endure an overwhelmingly abusive and sexually hostile environment.

    **a.** On one business trip Defendant Jim Bess approached her after consuming eight drinks in an hour and half and told her "she must be good in bed".

    **b.** On another occasion Defendant Dan Gutknecht, while intoxicated at the office, slammed a dry erase board to the ground and forced Ms. Pazio to get out of her chair pick up the board and perform a dance.

    **c.** Ms. Pazio also endured further mental abuse when she was terminated for tardiness, despite the fact that she was returning from a C2P business trip, did not get home until four in the morning, phoned ahead, and received permission to arrive late the next day. Ms. Pazio was only re-instated after pleading for her job for ninety minutes and being told that "women are not strong enough for this job, but because she did not cry we will let you keep your job". All of which played a role in forcing Ms. Pazio to be constructively discharged through her resignation from C2P on April 2, 2004.

18.    Plaintiff Kimberley Reeves accepted employment with C2P under the pretext that this

was a "growing company", an "excellent opportunity" and a "perfect fit" for her talents and expertise. When in actuality Plaintiff Reeves was manipulated into giving potential leads for clients to Defendant Jim Bess by assurances that she would make "more money as a set-up person". Defendant Bess than purposefully steered Ms. Reeves into more of an office support role that was not among the job duties discussed during her hiring process and denied her the commissions she was rightfully entitled to.

    a.   Additionally, Ms. Reeves was exposed to sexually harassing and degrading behavior while on business trips with Defendant Jim Bess, who consistently would become inebriated and make inappropriate and unprovoked sexual advances.

    b.   Defendant Bess consistently referred to women as not capable of performing this type of job and told Ms. Reeves that she was only hired because he was not there that day.

    c.   Despite absorbing this obvious mental abuse and inappropriate conduct Ms. Reeves was fired from her employment with C2P on April 9, 2004 with no explanation other than "you are not happy here" and despite the fact she was owed numerous monies in commissions and expenses. Because of this unlawful termination Ms. Reeves has been forced to begin a new career at great personal expense.

19.    Plaintiff Brett Schibler was hired by C2P to work on the marketing side of business focusing on establishing contacts with hospitals and clinics throughout the Louisiana and Mississippi. Almost immediately Mr. Schibler was subjected to the repulsive nature of the C2P offices.

a.   On Mr. Schibler's first day he observed the conversations of other employees soliciting business via the telephone and witnessed them openly lying to potential clients, referring to themselves as a physician group in Dallas.

b.   Mr. Schibler received little to no training on his new position, but was instead thrown to the wolves and encouraged to get on the phone, get verbally abused by clients and figure it out on his own.

c.   Mr. Schibler was continually bombarded by pornographic emails containing vaginal illustrations and numerous gay and homosexual references.  On one occasion Mr. Schibler and a co-worker were told that they should use tampons.

d.   The inappropriate conduct carried on into the meeting room where as Defendant Dan Gutknecht compared closing a deal to the "taking off of a girl's panties".

e.   Mr. Schibler was terminated on May 24, 2004 with no explanation other than, "it is not working out."  This was despite the fact that he had accumulated several business leads and scheduled numerous meetings with potential clients.

20.   Plaintiff Tim Carr was hired by C2P group on January 19, 2004, at a starting salary of thirty six thousand dollars ($36,000) with an agreement to review the salary for a possible increase to fifty thousand dollars ($50,000) after ninety days.  While working at C2P Mr. Carr witnessed the abuse being cast down on Plaintiff Kimberley Reeves and did his best to stand up for and offer his support.

a.  When Kimberly told Mr. Carr that she was being threatened and harassed by Defendant Jim Bess, Mr. Carr wrote an email to the owners of the business, Defendants Terri and Kelli Mulloy. The backlash for Mr. Carr's email occurred almost immediately, and he was lectured for sticking his nose in other peoples business.

b.  In spite of these clear distractions, Plaintiff Carr managed to forge a successful beginning to his C2P career, personally closing on deals for two clients and setting up great contacts for a third all within his ninety (90) day salary review period.

c.  Despite Mr. Carr's achievement and with the imminence of future success close at hand, Mr. Carr was not granted the appropriate salary review, but instead terminated from C2P on May 24, 2004. Mr. Carr estimates that his untimely and wrongful termination allowed C2P and his immediate supervisors to obtain 5-7 deals that Plaintiff Carr set-up, and was not allowed to close on, thus robbing him of his rightful commissions.

21.  Plaintiff Russell Robertson was hired by C2P group in August of 2003 as a marketing consultant. While at C2P, Plaintiff Robertson watched as the office descended into a malaise of racial prejudice and offensive behavior. The atmosphere created at the C2P offices by the Defendant's conduct led directly to Mr. Robertson's constructive discharge through his resignation as the stress of his employment reached unbearable levels. Mr. Robertson resigned despite the fact he was still owed monies in commissions from the C2P group. Mr. Robertson before resigning tried to correct the injustices he witnessed while under the employ of C2P.

a. Mr. Robertson stood up for Plaintiffs Andrea Pazio and Kimberly Reeves and told Defendant Gutknecht that his conduct constituted sexual harassment. Unfortunately, Mr. Robertson's concerns were met with the comment, "You know Andrea is a whore and that she slept with Wayne"

b. Was told that the firing of Mike McKinney was done only because he "sounds black" and that the statement was followed by other racial epithets.

22. Plaintiff, Mike Price was hired by C2P group in January of 2004, and was terminated three weeks later in February of 2004. Plaintiff Price was not granted the 90 day "grace period" he was guaranteed when he was hired. Mr. Price's time at C2P can only be described as a big lie; Mr. Price was lied too during the hiring process, and told to lie when giving his sales pitch to potential clients. In the short time Mr. Price was employed by C2P Group Services he observed the odious atmosphere surrounding the C2P offices, with regards to use of sexually discriminatory language and generally offensive language. After Mr. Price's wrongful termination, he remained unemployed for two weeks at great personal expense before finally finding suitable replacement employment.

23. Individually and as a group, Plaintiffs were subjected to a sophomoric and juvenile working environment where drug usage and alcohol abuse among Defendants occurred and was discussed openly, where employees where ridiculed in the crudest sexual and racial terms, where any exercise of independent judgment was penalized, where false stories where openly used to lure new employees and where lies were taught to employees as the means to obtain business. Each of the Plaintiffs witnessed one or more of the abuses above, and was ultimately terminated from employment for voicing

their concerns, refusing to participate in the unlawful or degrading activity, was constructively discharged via resignation or to avoid having to partake in the unacceptable and unprofessional conduct at C2P.

## V.  CAUSES OF ACTION

### Claim One – Declaratory Judgment

24.   Plaintiffs' incorporate Paragraphs 1 through 23, herein as if fully stated, and for cause of action states as follows.

25.   Declaratory Judgment – Each and every one of the Plaintiffs was subjected to a Covenant Not to Compete that is unenforceable, *inter alia*, because it is overbroad and not supported by valid consideration, and/or is not reasonably limited in time, geography and/or scope.

26.   As such, Plaintiffs request declaratory judgment that each of their covenants not to compete are invalid and not enforceable under Texas law.

### Claim Two - Breaches of Contract

27.   Plaintiffs incorporate Paragraphs 1 through 23, herein as if fully stated, and for cause of action states as follows.  The initial employment agreement between Plaintiffs and Defendants created a contract in which Defendants promised to pay Plaintiffs an annual salary, plus commissions that would total at least one hundred thousand dollars ($100,000) in return for the performance of their duties.

28.   Additionally or alternatively, Defendants also guaranteed all Plaintiffs during the hiring process that each would be given a mandatory 90 day grace period, during which time they were not expected to bring in any new clients, but were to learn the business. However, as to many of the Plaintiffs, Defendants breached this contract by

withholding Plaintiffs' commissions and terminating employees before the expiration of their alleged ninety (90) day "grace period".

29.     Additionally, Plaintiffs would show that Defendants in violation of the terms of employment of the Plaintiffs, Defendants have failed to pay all commissions and/or salary due to Plaintiffs.

30.     Plaintiffs seek to recover damages suffered due to the Defendant's breach of contract, including any unpaid commissions and damages from resulting from the premature and unlawful terminations and/or constructive discharge.

### Claim Three - Fraudulent Inducement

31.     Plaintiffs incorporate Paragraphs 1 through 23, herein as if fully stated, and for cause of action states as follows.   Defendants knowingly, intentionally, and fraudulently represented to the Plaintiffs that:

    a.   Plaintiffs salary and commissions would be equal to or in excess of one hundred thousand dollars ($100,000), when in reality their salaries would never amount to that and the Defendants were aware of the falsity of these representations at the time they made them;

    b.   Plaintiffs would be given a 90 day grace period that would allow for the Plaintiffs to learn the business, when in reality the Defendants had no intention of allowing for the 90 grace period;

    c.   Plaintiff's would be provided a stable professional work environment where their careers would have longevity and earning potential equal to the Plaintiff's ability to succeed, when in reality Defendants knew they had no intention to provide stable or professional working environments and

bragged among themselves about the Defendants' atrocious 100% turnover rate;

d. Plaintiffs would be partaking in a growing company with numerous opportunities for growth, when in reality Defendants current intention was not to provide numerous opportunities for growth, but instead they had the intention of maintaining a 100% turnover rate in sales positions.

32. Based on these knowing misrepresentations, upon which Plaintiffs reasonably relied, some or all of the Plaintiffs were fraudulently induced to their detriment to leave good paying and stable careers. Further, Defendants knew Plaintiffs were making decisions in reasonable reliance on these and other similar misrepresentations, but never-the-less made the misrepresentations with the knowledge that Plaintiffs would act on reliance, and leave good paying stable jobs in the hope of the false representations of stability, professionalism, growth and potential at C2P.

33. Plaintiffs seek to recover punitive damages on the grounds that the Defendants conduct occurred knowingly, intentionally, and with a conscience indifference to the rights of the Plaintiffs.

**Claim Four - Age Discrimination**

34. Plaintiffs incorporate Paragraphs 1 through 23, herein as if fully stated, and for cause of action states. The Defendants terminated the employment of Plaintiff Tim Carr based on age discrimination.

35. Further, Defendants condoned a hostile work environment that forced Plaintiff to endure numerous derogatory statements based on age. For example, Plaintiff Carr was told that he was too old for the job and his age was ridiculed in that he was questioned

by one of the Defendants regarding his ability to control his bowel movements and was further told that due to his age that he might need an adult diaper.

36.   Plaintiff Tim Carr filed Charges of Age discrimination with the Texas Commission on Human Rights and the EEOC and Plaintiff Carr has received a right to sue letter. This Amended Complaint is filed within the 90 day right to sue period.

37.   The above stated actions are violations of the Age Discrimination in Employment Act, specifically 29 U.S.C. § 623 and the Texas Commission on Human Rights Act (TCHRA).

38.   Plaintiff seeks to recover actual, compensatory and all other damages or other suitable legal or equitable relief as the Court may find he suffered due to the Defendants' discrimination.

### Claim Five – Sex Discrimination and Sexual Harassment

39.   Plaintiffs incorporate Paragraphs 1 through 23, herein as if fully stated, and for cause of action state as follows.  The Defendants terminated Plaintiffs' Andrea Pazio and Kimberly Reeves employment based on their gender.  The intention of the Defendants is made abundantly clear from the copious examples of direct evidence including, the making inappropriate remarks, grotesque behavior, and the condoning of a sexually hostile working environment.

40.   Andrea Pazio and Kimberly Reeves were exposed to inebriated pick up lines and forced to perform ludicrous functions at work in front of co-workers for fear of losing their jobs.  Defendants routinely exhibited abnormal behavior at work, often times under the influence of alcohol or other unnamed substances, which led to an increasingly distressing work environment that took its toll on Plaintiffs mental, physical and emotional health.

41.     Plaintiffs have filed charges of sex discrimination with the Texas Commission on Human Rights and the EEOC and have requested an immediate right to sue letter. To date only Ms. Reeves has received a right to sue letter, and this claim is timely filed within the 90 day right to sue period. Ms. Pazio will amend her claim accordingly when her right to sue letter is received.

42.     The above stated actions are violations of the Title VII of the Civil Rights Act of 1964 and the Texas Commission on Human Rights Act (TCHRA).

43.     Plaintiffs seek to recover actual, compensatory and punitive damages or other suitable legal or equitable relief as the Court may find on the grounds that the Defendants conduct discriminates against similarly situated employees based solely on sex or gender.

### Claim Six – Race Discrimination

44.     Plaintiffs incorporate Paragraphs 1 through 23, herein as if fully stated, and for cause of action state as follows. The Defendants terminated the African American Plaintiffs based on their race, African American. Defendants often secretly referred to African American Employees as "Porch Monkeys" and "Niggers." Whenever an African American employee would take any action to establish independence or show the ability to act without supervision, he would be terminated.

45.     Plaintiffs have filed charges of race discrimination with the Texas Commission on Human Rights and the EEOC have requested an immediate right to sue letter.

46.     The above stated actions are violations of the Civil Rights Act of 1870, 42 U.S.C. § 1981.

47.     The African American Plaintiffs seek to recover damages or other suitable legal or equitable relief as the Court may find on the grounds that the Defendants conduct

constituted prohibited sexual harassment and caused the Plaintiffs to suffer severer emotional and mental abuse.

### Claim Eight – Retaliation for Protected Activity

48.     Plaintiffs incorporate Paragraphs 1 through 23, herein as if fully stated, and for cause of action state as follows.  Throughout their employment with the C2P, plaintiffs were continually subjected to the sexual harassment, sexual discrimination, and racial discrimination.

49.     On several occasions Plaintiffs opposed the actions of Defendants in unlawfully discriminating based on sex, age and race.  However, whenever any Plaintiff acted to protect co-workers, he or she was retaliated against.   These retaliations included wrongful termination.

50.     Plaintiffs have filed charges of retaliation with the Texas Commission on Human Rights and the EEOC have requested an immediate right to sue letter.

51.     The above stated actions are violations of the Title VII of the Civil Rights Act of 1964 and the Texas Commission on Human Rights Act (TCHRA).

52.     Plaintiffs seek to recover damages or other suitable legal or equitable relief as the Court may find on the grounds that the Defendants conduct constituted prohibited sexual harassment and caused the Plaintiffs to suffer severer emotional, and mental abuse.

### Claim Nine - Intentional Infliction of Emotional Distress

53.     Plaintiffs incorporate Paragraphs 1 through 52, herein as if fully stated, and for cause of action state as follows.  Defendants acted intentionally and unreasonably in subjecting Plaintiffs to inappropriate sexual, racist, and intimidating comments, a degrading and unprofessional environment filled with profanity, lewdness, illegal and degrading

conduct. This conduct went beyond mere insults and was so extreme and outrageous that it cannot be tolerated in a civilized society. Defendants conduct caused the Plaintiffs severe emotional distress and Defendants intended, knew, or should have known it would do so.

54. Plaintiff seeks to recover damages or other suitable legal or equitable relief as the Court may find she suffered due to the Defendant's emotional abuse.

### Claim Ten – Officer and Director Liability

55. Plaintiffs incorporate Paragraphs 1 through 54, herein as if fully stated, and for cause of action state. Defendants Dan Gutneckt, Jim Bess, Terri Mulloy, and Kelli Mulloy are personally liable for their actions as agent, officers, and owners of C2P Group Services because they either directly participated in the commission of C2P Group Service's fraudulent and tortious actions or failed to prohibit and allowed to continue what they knew or should have known to be illegal behavior.

56. Under Texas law, an officer or any other agent of a corporation may be personally as responsible as the corporation itself for tortious acts when that officer or agent participates in the wrongdoing. An officer or agent of a corporation is always primarily liable for his own torts, even though the principal is also liable, but he cannot be held liable for a wrong in which he has not participated. *See Permian Petroleum Co. v. Barrow,* 484 S.W.2d 631 (Tex. App. – El Paso 1972, writ ref'd n.r.e.) *citing Mayflower Inv. Co. v. Stephens*, 345 S.W.2d 789 (Tex.Civ.App. -- Dallas 1960, writ ref'd n.r.e.). Where the evidence shows liability in tort of a company, then those of the company's directors and officers who participated therein by instigating, aiding, or abetting the company in so doing are liable with the company as joint tort-feasors. *See id., citing*

*Bower v. Yellow Cab Co.,* 13 S.W.2d 708 (Tex.Civ.App. -- El Paso 1929, writ ref'd). In *Permian,* the President of the company who actively participated in the tort of conversion was held personally liable for the full amount of that conversion. *See id.*

57.     Indeed, it has long been the law in Texas that even a mere corporate agent who knowingly participates in a wrongful or fraudulent act may be held individually liable, even though he performed the act as an agent for the corporation. *See Seale v. Baker,* 7 S.W. 742 (Tex. 1888); *Kinkler v. Jurica,* 19 S.W. 359 (Tex. 1892); *also, Wagner v. Morris,* 658 S.W.2d 230 (Tex. App. -- Houston [1st Dist.] 1983, no writ). Knowing participation in a tortious act will render the corporate agent personally liable, while the mere breach of a corporate contractual obligation will not. *See Gardner Mach. Co. v. U.C. Leasing,* 561 S.W.2d 897, 899 (Tex. Civ. App. -- Beaumont 1978, writ dism'd). As such, to hold Defendants Dan Gutknecht, Jim Bess, Kelli Mulloy, and Terri Mulloy personally liable, Plaintiffs need only show that they directly participated or failed to prevent the commission of C2P Group Service's tortious conduct. *See id.*

58.     Plaintiffs incorporate Paragraphs 1 through 57, herein as if fully stated, and for cause of action state, that in the instant case, the facts clearly demonstrate the Defendants acted knowingly, intentionally, and willfully solely for the illegal purpose of firing Plaintiffs for the above stated reasons. As such, punitive damages are appropriate.

### Claim Ten – Shareholder Liability

59.     Plaintiffs incorporate Paragraphs 1 through 58, herein as if fully stated, and for cause of action state that the Mulloy Defendants are liable for the actions of C2P under the generally recognized theory known as piercing the corporate veil in that, upon information and belief, the Mulloy Defendants failed to exercise and maintain valid

corporate separateness.

### Claim Twelve – Punitive Damages

60. Plaintiffs incorporate Paragraphs 1 through 59, herein as if fully stated, and for cause of action state. That in the instant case, the facts clearly demonstrate the Defendants acted knowingly, intentionally, with a conscience indifference to the rights of Plaintiffs, and willfully, solely for illegal purposes. As such, Plaintiff's request punitive damages.

## VI. ATTORNEYS' FEES

61. By reason of Defendants' wrongful conduct, Plaintiffs have been required to retain the undersigned attorneys to prosecute their claims for damages against the Defendants. Plaintiffs seek reasonable and necessary attorneys' fees for the preparation of the case for trial, the trial of the case, and any appeals. Plaintiffs will show that a usual and customary fee for preparation and trial of the case would be at least forty percent (40%) of any monies recovered through the trial of the case, and if the case is appealed, a usual and customary fee for preparation of the appeal would be at least an additional ten percent (10%) of any monies recovered or an reasonable hourly rate for preparation and trial of the case and appeal of the case if necessary.

## VII. JURY TRIAL

62. Plaintiff requests a jury in this case for all issues triable by a jury.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs pray that Defendants be cited to appear and answer herein, and that upon trial of this case, Plaintiffs have judgment against the Defendants, jointly and severally, for Plaintiffs' damages as alleged herein, or, those damages as allowed under the causes of action alleged herein, pre-judgment and post-judgment interest as provided by law, all costs of court, reasonable attorneys' fees as alleged herein, and for such other and further relief, at law and in equity, to which Plaintiffs may show themselves justly entitled in Plaintiffs' pursuit for truth and justice.

DATED this _____ Day of May, 2005

Respectfully submitted,

**THE LAW OFFICE OF PATRICK J. MULLIGAN, P.C.**

Eric N. Roberson
Texas State Bar No. 00792804
Patrick J. Mulligan
Texas State Bar No. 14651270
Reid Stewart
Texas State Bar No. 24003310
Jason H. Fox
Texas State Bar No. 24029557
Bill Arnold
Texas State Bar No. 01349500
2911 Turtle Creek Blvd., Suite 900
Dallas, Texas 75219
Telephone: (214) 219-9779
Telecopier: (214) 520-8789

Reorder No. 5125N
NYC 10013
JULIUS BLUMBERG, INC.
⊕ 10% P.C.W.

# THE LAW OFFICE OF PATRICK J. MULLIGAN, P.C.

**2911 TURTLE CREEK BLVD., SUITE 900**
**DALLAS, TEXAS 75219**
**TELEPHONE: (214) 219-9779**
**TELECOPIER: (214) 520-8789**
**E-MAIL: office@mulliganlaw.com**
**WEBSITE: www.mulliganlaw.com**

**PATRICK J. MULLIGAN†**
**ERIC N. ROBERSON\***
**REID STEWART\***
**JASON H. FOX\***
Licensed in Georgia, Pennsylvania & Texas†
Licensed in Texas\*

2005 MAY 31  PM 6:16

TEXAS
DEPUTY

May 31, 2005

Clerk of the Court
Dallas County District Court
600 Commerce Street
Dallas, TX  75202

> **Re:**   **Kimberley Reeves, et. al. v. C2P Group, et. al.: 05-04501-D; 95th Judicial District, Dallas County District Court**

Dear Clerk of the Court:

Please find enclosed for filing:

1.    The Plaintiff's First Amended Petition; and

Thank you for your assistance in this matter.  If you have any questions or concerns, please do not hesitate to contact me.

Very truly yours,

THE LAW OFFICE OF PATRICK J. MULLIGAN, P.C.

*Kirsten Bond*

Kirsten Bond
Legal Assistant

/klb
Enclosures

K:\Other Cases\Employment\C2P Group\Correspondence\Clerkltr5-31-05 doc

Reorder No. 5126N
JULIUS BLUMBERG, INC.
NYC 10013
⊕ 10% P.C.W.

Cause No. 05-04501-D

| | | |
|---|---|---|
| **KIMBERLY REEVES** | § | **IN THE DISTRICT COURT** |
| **ANDREA PAZIO** | § | |
| **MATT ROSCINI** | § | |
| **BRETT SCHNIBLER** | § | |
| **TIM CARR** | § | |
| **RUSSELL ROBERTSON** | § | |
| **MIKE PRICE** | § | |
| **RODNEY HUNTER** | § | |
| **DARIEN GEORGE** | § | |
| **MICHAEL MCKINNEY** | § | **OF DALLAS COUNTY, TEXAS** |
| **MARTY BRILES** | § | |
| **DUSTY RODRIGUEZ** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | |
| | § | |
| **C2P** | § | |
| **DAN GUTNECKT** | § | |
| **JIM BESS** | § | |
| **JAY LONG** | § | |
| **TERRI MULLOY** | § | |
| **KELLI MULLOY** | § | |
| | § | |
| Defendants. | § | **95TH JUDICIAL DISTRICT** |

## STATE COURT
## NOTICE OF REMOVAL

Defendants hereby give notice, pursuant to 28 U.S.C. § 1446(d), of the filing of a

Notice of Removal, removing this action from this Court to the United States District

Court for the Northern District of Texas, Dallas, Division.  A file-stamped copy of the

Federal Notice of Removal with Exhibits and Civil Cover Sheet are attached.

State Court Notice of Removal Page - 1

Respectfully submitted,

By: _____
Steven J. Lownds
SBOT 12636800
Andrew Trusevich
SBOT 00785119
Gregory Sudbury
SBOT 24033367

Quilling Selander Cummiskey & Lownds, P.C.
2001 Bryan Street
Suite 1800
Dallas, Texas 75201
(214) 871-2100
(214) 871-2111 (fax)

Counsel for:
C2P, Jim Bess, Terry Mulloy and Kelli Mulloy

By: _____
Matthew D. Hill
SBOT 24032296

Law Firm of Matthew D. Hill, P.C.
8080 N. Central Expressway
Suite 400
Dallas, Texas 75206
(214) 237-5353
(214) 237-5352 - direct
(214) 853-5772 – facsimile

Counsel for:
Dan Guthnecht and Jay Long

## **Certificate of Service**

I certify that a true and correct copy of the foregoing Notice of Removal was sent to all counsel of records on this **25th** day of August, 2005, via the U.S. Postal Service, Certified Mail, R.R.R.:

Eric N. Robertson
Law office of Patrick J. Mulligan, P.C.
2911 Turtle Creek Blvd, Suite 900
Dallas, Texas 75219

_____
Andrew Trusevich

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET    3-05 CV 1715R

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

| | | |
|---|---|---|
| Kimberly Reeves | Tim Carr | Darien George |
| Andrea Pazio | Russell Robertson | Michael McKinney |
| Matt Roscini | Mike Price | Marty Briles |
| Brett Schnibler | Rodney Hunter | Dusty Rodriguez |

## DEFENDANTS

| | |
|---|---|
| C2P | Terri Mulloy |
| Jim Bess | Kelli Mulloy |
| Jay Long | Dan Guthnecht |

**(b)** County of Residence of First Listed Plaintiff     Dallas County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant     Dallas County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE IN LAND CONDEMNATION CASES, USE THE LOCATION
OF THE LAND INVOLVED

**(c)** Attorneys (Firm Name, Address, and Telephone Number)
See Attachment

Attorneys (If Known)
See Attachment

RECEIVED
AUG 25 2005
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

## II. BASIS OF JURISDICTION (Place An "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)   And One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Law | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus: | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 791 Empl Ret Inc Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | | ☐ 870 Taxes (U S Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities- Employment | ☐ 550 Civil Rights | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All other Real Property | ☐ 446 Amer. w/Disabilities- Other | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

(Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U S C section 623, Title VII of Civil Rights Act of 1964

Brief description of cause Alleged declaratory judgment, breach of contract, fraud, discrimination, retaliatory, and infliction of emotional distress claims arising from alleged employment

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $** Unliquidated

CHECK YES only if demanded in complaint
**JURY DEMAND:** ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY:
(See instructions):    JUDGE _____    DOCKET NUMBER _____

DATE   August 25, 2005

SIGNATURE OF ATTORNEY OF RECORD
_(signature)_ ATTORNEY FOR C2P

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG JUDGE _____

## CIVIL COVER SHEET ATTACHMENT

**Patrick J. Mulligan**
State Bar No. 14651270
**Eric Roberson**
State Bar No. 24029557
**Reid Stewart**
State Bar No. 24003310
**Jason H. Fox**
State Bar No. 24029557
**The Law Office of Patrick J. Mulligan, P.C.**
2911 Turtle Creek Blvd., Suite 900
Dallas, Texas 75219
(214) 219-9779 (Telephone)
(214) 520-8789  (Fax)

**Attorneys for Plaintiffs Kimberly Reeves, Andrea Pazio, Matt Roscini, Brett Schnibler, Tim Carr, Russell Robertson, Mike Price, Rodney Hunter, Darien George, Michael McKinney, Marty Briles, and Dusty Rodriguez**

**Andrew M. Trusevich**
State Bar No. 00785119
**Steven J. Lownds**
State Bar No.  12636800
**Gregory M. Sudbury**
State Bar No. 24033367
**Quilling Selander Cummiskey & Lownds, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100(Telephone)
(214) 871-2111 (Fax)

**Attorneys for Defendants C2P, Terri Mulloy and Kelli Mulloy**

**Matthew D. Hill**
State Bar No. 24032296
Law Firm of Matthew D. Hill, P.C.
8080 N. Central Expressway, Suite 400
Dallas, Texas 75206
(214) 237-5352 (Telephone)
(214) 853-5772 (Fax)

**Attorney for Defendants Dan Guthnecht and Jay Long**



**RECEIVED**

AUG 2 5 2005

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**

Supplemental Civil Cover Sheet For Cases Removed
From State Court **3 - 05 CV - 1 7 1 5 R**

**This form must be attached to the Civil Cover Sheet at the time the case is filed in the U.S. District Clerk's Office. Additional sheets may be used as necessary.**

1.  **State Court Information:**

    Please identify the court from which the case is being removed and specify the number assigned to the case in that court:

    | <u>Court</u> | <u>Case Number</u> |
    |---|---|
    | 95th Judicial District Court<br>Dallas County, TX | Cause No. 0504501 |

2.  **Style of the Case:**

    **Kimberly Reeves, Andrea Pazio, Matt Roscini, Brett Schnibler, Tim Carr, Russell Robertson, Mike Price, Rodney Hunter, Darien George, Michael McKinney, Marty Briles, and Dusty Rodriguez**

    **v.**

    **C2P, Dan Guthnecht, Jim Bess, Jay Long, Terri Mulloy and Kelli Mulloy**

    **Attorney(s) of Record:**

**Patrick J. Mulligan**
State Bar No. 14651270
**Eric Roberson**
State Bar No. 24029557
**Reid Stewart**
State Bar No. 24003310
**Jason H. Fox**
State Bar No. 24029557
**The Law Office of Patrick J. Mulligan, P.C.**
2911 Turtle Creek Blvd., Suite 900
Dallas, Texas 75219
(214) 219-9779 (Telephone)
(214) 520-8789  (Fax)

**Andrew M. Trusevich**
State Bar No. 00785119
**Steven J. Lownds**
State Bar No.  12636800
**Gregory M. Sudbury**
State Bar No. 24033367
**Quilling Selander Cummiskey
& Lownds, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100(Telephone)
(214) 871-2111 (Fax)

**Matthew D. Hill**
State Bar No. 24032296
Law Firm of Matthew D. Hill, P.C.
8080 N. Central Expressway, Suite 400
Dallas, Texas 75206
(214) 237-5352 (Telephone)
(214) 853-5772 (Fax)

**Attorneys for Plaintiffs Kimberly Reeves,
Andrea Pazio, Matt Roscini, Brett Schnibler,
Tim Carr, Russell Robertson, Mike Price,
Rodney Hunter, Darien George, Michael
McKinney, Marty Briles, and Dusty
Rodriguez**

**Attorneys for Defendants C2P,  Terri Mulloy
and Kelli Mulloy**

**Attorney for Defendants Dan Guthnecht and
Jay Long**

Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaim(s), Crossclaimant(s), and Third Party Claimant(s) still remaining in the case and indicate their party type.  Also, please list the attorney(s) of record for each party named and include their bar number, firm name, correct mailing address, and phone number (including area code.)